Filed 1/6/23 P. v. Nanlap CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C094887 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF19-2129) |
| v. | |
| MOE LARRY NANLAP, | |
| Defendant and Appellant. | |

Defendant Moe Larry Nanlap shot his girlfriend's parents on Thanksgiving eve, killing her father. A jury found defendant guilty of second degree murder (count I) and unpremeditated attempted murder (count II), and found true the firearm enhancement allegations in both counts. Defendant additionally pleaded no contest to two counts of possession of a firearm (counts III & IV) and admitted a prior strike conviction and a prior serious felony conviction. The trial court sentenced defendant to an aggregate term of 80 years to life plus 35 years 4 months.

1

Defendant raises four claims on appeal. First, he argues he received ineffective assistance of counsel because, instead of requesting the trial court to strike his prior serious felony conviction as to counts I and II, his trial counsel made a "futile request" for concurrent terms. Second, defendant contends the trial court erred in imposing the upper term on count III because the sentence on that count is a subordinate term. Third, defendant asks that we remand the case for resentencing on counts II and III in light of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) (Stats. 2021, ch. 731, § 1.3).[1] Fourth, defendant requests correction of several errors in the indeterminate abstract of judgment relating to count II.

We reject defendant's first claim that his trial counsel's performance was deficient. On his second claim, we conclude the trial court erred in imposing the upper term on count III. Regarding defendant's third claim, we conclude remand is necessary on count II for the trial court to impose a sentence consistent with Senate Bill 567. On the fourth claim, we agree the abstracts of judgment require corrections relating to count II.

## BACKGROUND

On the night before Thanksgiving in 2019, C.H. and his wife J.H. arrived at the apartment their daughter shared with defendant, her boyfriend. They planned to spend the night and celebrate Thanksgiving with their daughter and defendant. Three of defendant's friends were also at the apartment that night.

Later that night, J.H. overheard defendant telling her daughter, "I'll shoot somebody." When her daughter asked defendant who he would shoot, defendant responded, "I'll shoot anybody." J.H. told C.H. about this exchange and they decided to leave. Defendant cocked a gun as the couple was preparing to leave. In disbelief, the

---

[1] Senate Bill 567 was enacted after Assembly Bill No. 124 and incorporated Assembly Bill No. 124's amendments to section 1170. (Stats. 2021, ch. 731, § 3(c).)

2

couple and their daughter confronted defendant. Defendant denied cocking the gun. C.H. was upset and told defendant if he was going to cock the gun, he better use it or he would kill defendant. J.H. and her daughter stated if defendant shot C.H. he would have to shoot them too. After a short pause, defendant pulled two guns out of his pockets and shot the couple. C.H. died from the injury. Defendant was 23 years old at the time.

The People charged defendant with one count of first degree murder (Pen. Code, §§ 187, subd. (a), 189, subd. (a), count I),[2] one count of premeditated attempted murder (§§ 664, 187, subd. (a), count II), and two counts of possession of a firearm by a convicted felon (§ 29800, subd. (a)(1), counts III & IV). In counts I and II, the People further alleged that defendant personally and intentionally discharged a firearm causing death or great bodily injury, used a firearm in the commission of the offenses, and sustained a prior serious felony conviction (§§ 12022.53, subds. (b)-(d), 12022.5, subd. (a), 667, subd. (a)(1)). And as to all four counts, the People alleged defendant sustained a prior strike conviction (§ 1170.12).

Defendant pleaded no contest to counts III and IV and admitted the prior conviction allegation as to all counts before trial. At trial, defendant testified he had a rocky relationship with his girlfriend involving violence, and J.H. had physical assaulted him before. Defendant also admitted he served a prior prison term because of the violence he inflicted on his girlfriend. According to defendant, on the night of the shooting, he argued with C.H. outside the apartment and C.H. threatened to beat him up and kill him, making him fear for his life. After the argument, defendant asked C.H. and J.H. to leave. However, as the couple was preparing to leave, defendant caught C.H. staring at him in the apartment, making him uncomfortable. Defendant cocked the gun for his safety but did not tell his friends he felt threatened by C.H. C.H. and J.H. were

---

[2] Further undesignated statutory references are to the Penal Code.

walking out the door before they decided to confront him, and defendant asked them to leave again. But they continued to walk towards defendant, backing him into a corner. As the couple was about four to five feet away from defendant, they took another step forward, and defendant fired shots. At the time, defendant's three friends were still in the apartment.

A jury found defendant guilty of the lesser included crimes of second degree murder (§ 187, subd. (a)) and unpremeditated attempted murder (§§ 664, 187, subd. (a)). The jury also found true the firearm enhancement allegations in both counts.

The trial court sentenced defendant to an aggregate term of 80 years to life plus 35 years 4 months, computed as follows: for count I, 15 years to life doubled by the prior strike conviction, plus a consecutive 25 years to life term for the firearm enhancement, plus five years for the prior serious felony conviction; for count II, the upper term of nine years doubled by the prior strike conviction, plus a consecutive term of 25 years to life for the firearm enhancement, plus five years for the prior serious felony conviction; for count III, the upper term of three years doubled due to the prior strike conviction; and for count IV, one-third of the middle term of two years, doubled by the prior strike. Defendant timely appealed.

## DISCUSSION

### I

### *Ineffective Assistance of Counsel*

Defendant contends he received ineffective assistance of counsel because, instead of filing a motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to strike the prior felony conviction in counts I and II, his trial counsel made a "futile request" for concurrent terms. We disagree.

A. *Additional Background*

Prior to sentencing, defense counsel submitted a sentencing statement addressing the aggravating and mitigating factors in this case. In the statement, defense counsel

4

requested all sentences run concurrently and proposed an aggregate term of 55 years to life plus 5 years for the prior felony conviction. The People requested a term of 80 years to life plus 30 years 8 months.

At the sentencing hearing, defendant expressed his remorse and stated he was not asking for "lenience or favor." To this the trial court responded "[n]one will be shown" because defendant was "wholly undeserving of any leniency." The trial court stated defendant's self-defense argument at trial was absurd and obscene, noting C.H. and J.H. were unarmed, already on their way out, and defendant had his adult male friends at home with him. The trial court further noted defendant could have left the apartment instead of shooting the unarmed victims and it was truly shocking that defendant would bring two pistols with him to a celebration of Thanksgiving with family. Although defendant expressed his remorse at sentencing, the trial court found it came rather late.

B. *Analysis*

The burden of proving ineffective assistance of counsel is on the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) To establish constitutionally inadequate representation, the defendant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. (*Ibid.*) In deciding an ineffective assistance claim, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." (*Id.* at p. 697.) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." (*Ibid*.)

The prejudice prong in *Strickland* generally "must be affirmatively proved" by the defendant except in limited circumstances not applicable here. (*People v. Ledesma* (1987) 43 Cal.3d 171, 217.) To prove prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington, supra*, 466 U.S. at

5

p. 694.) Specifically, when a defendant challenges a sentence, the question is "whether there is a reasonable probability that, absent the errors, the sentencer . . . would have concluded that the balance of aggravating and mitigating circumstances" did not warrant the sentence imposed. (*Id.* at p. 695.)

Under section 1385, the trial court may, on its own motion, strike a prior serious felony enhancement in furtherance of justice. (§§ 667, subd. (f)(2), 1385, subd. (b)(1); *People v. Stamps* (2020) 9 Cal.5th 685, 693.) A trial court is presumed to have been aware of such discretion. (*People v. Mosley* (1997) 53 Cal.App.4th 489, 496.) Accordingly, defense counsel's failure to file a *Romero* motion does not prejudice a defendant unless the defendant demonstrates that the trial court was either unaware of its discretion to strike the prior conviction or abused its discretion in declining to do so. Under these two circumstances, there is a reasonable probability that a *Romero* motion may lead to more favorable results for the defendant by either reminding the trial court of its discretion or alerting the trial court of its potential abuse of discretion.

Here, the record is silent as to whether the trial court was aware of its discretion to strike the five-year enhancements. Thus, as defendant correctly concedes, the trial court is presumed to have been aware of its discretion to strike the prior serious felony conviction. Accordingly, our analysis must turn to whether the trial court abused its discretion in declining to strike the prior serious felony conviction.

"In ruling on a *Romero* motion, the trial court 'must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the ["Three Strikes" law]'s spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' " (*People v. Finney* (2012) 204 Cal.App.4th 1034, 1038; *People v. Brugman* (2021) 62 Cal.App.5th 608, 637-638 [the trial court must consider the nature of the offense and the offender in deciding whether to strike a five-

6

year enhancement for a prior serious felony].) We review the trial court's refusal to strike a five-year prior serious felony enhancement for abuse of discretion. (*Brugman*, at p. 638.) We will only find abuse of discretion in extraordinary cases where no reasonable minds could differ that the relevant factors support striking a prior conviction. (*Id.* at p. 637.)

We conclude the trial court did not abuse its discretion in declining to strike defendant's prior serious felony conviction. Defendant was previously convicted for violence against his girlfriend. In the instant case, defendant brought two guns to his family's Thanksgiving gathering, and shot his girlfriend's parents. While defendant claimed he felt threatened by C.H., he made no mention of such threat to his friends. Defendant also claimed C.H. and J.H. advanced aggressively towards him, backed him into a corner, and made him fear for his life. But they were unarmed, and they confronted defendant because he cocked his gun. Moreover, defendant admitted the couple was about four to five feet away from him when he fired the shots. In any event, C.H. and J.H. were on their way out of the apartment. Any threat defendant felt from C.H. would have vanished as soon as C.H. left the apartment. Yet, defendant chose to fire shots. Based on this record, we conclude the trial court did not abuse its discretion by declining to strike the five-year enhancements.

Moreover, the record demonstrates the trial court found defendant "wholly undeserving of any leniency" after considering all the relevant factors at sentencing. Defendant makes no argument that defense counsel could have raised any additional factors in a *Romero* motion for the trial court to review. Rather, he offers only speculation that the trial court "despite its view on leniency, might well have determined" "additional punishment was unnecessary and not in society's interest." This is insufficient to show prejudice. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1241 ["A defendant must prove prejudice that is a ' "demonstrable reality," not simply speculation' "].) Because we conclude the trial court was aware of its discretion to strike

7

the prior conviction and did not abuse its discretion in declining to do so, defendant has not met his burden to show he was prejudiced by defense counsel's failure to file a *Romero* motion.

## II

### *Sentence on Count III*

Defendant argues, and the People agree, the trial court erred in imposing the upper term of six years for count III because count III was a subordinate term. We agree with the parties.

Under section 1170.1, subdivision (a), "if a defendant is convicted of more than one offense carrying a determinate term, and the trial court imposes consecutive sentences, the term with the longest sentence is the 'principal term'; any term consecutive to the principal term is a 'subordinate term.' " (*People v. Felix* (2000) 22 Cal.4th 651, 655.) "The court imposes the full term, either lower, middle, or upper, for the principal term." (*Ibid.*) But in general, "the court imposes only 'one-third of the middle term' for subordinate terms." (*Ibid.*)

Where a defendant is sentenced under the Three Strikes law, the sentencing court must "designate principal and subordinate terms as required by section 1170.1, calculating the subordinate terms as one-third of the middle term . . . and then double each of the resulting terms." (*People v. Nguyen* (1999) 21 Cal.4th 197, 203-204.)

"[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) This commonly occurs when the trial court "violates mandatory provisions governing the length of confinement." (*Ibid.*, fn. omitted.) "The error involved in an unauthorized sentence is not subject to forfeiture, and can never be harmless." (*People v. Cabrera* (2018) 21 Cal.App.5th 470, 477.) Appellate courts may correct such an unauthorized sentence at any time. (*Scott*, at p. 354.)

8

Here, the trial court designated count II as the principal term by imposing the longest determinate term of 9 years, doubled to 18 years due to a prior strike. Thus, count III is a subordinate term offense, and the trial court erred in imposing the upper term on count III. We shall direct the trial court to impose one-third of the middle term of two years (§ 18, subd. (a)) on count III, doubled to 16 months due to the prior strike.

III

*Section 1170*

Defendant contends imposition of the upper term on counts II and III is no longer proper under recent changes to section 1170 and requests the case be remanded for resentencing. We agree that remand for resentencing on count II is necessary under amended section 1170.[3] Because we conclude the trial court erroneously imposed the upper term on count III, we need not discuss whether remand is appropriate on count III under the amended section 1170.

A. *Additional Background*

While this appeal was pending, effective January 1, 2022, Senate Bill 567 amended section 1170, limiting the trial court's discretion to impose a sentence greater than the middle term. (§ 1170, subd. (b)(1).) Under the amended section 1170, the trial court may impose the upper term only if the facts underlying the aggravating circumstances "have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) The trial court may consider a defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. (§ 1170, subd. (b)(3).)

---

[3] The People do not respond to defendant's request to remand for resentencing on count II.

9

Additionally, a trial court must impose the low term, unless contrary to the interests of justice, if certain circumstances were a contributing factor in the commission of the offense, including that the defendant was under 26 years old at the time of the offense. (§§ 1170, subd. (b)(6)(B), 1016.7, subd. (b).)

Senate Bill 567 is an ameliorative statute because it limited the trial court's discretion to impose an upper term. (§ 1170, subd. (b)(1), (2).) Nothing in the statutory language or legislative history of Senate Bill 567 indicates the Legislature intended for the changes to apply prospectively only. Because defendant's judgment is not yet final and may be reduced by operation of Senate Bill 567, we agree with the parties that Senate Bill 567 applies retroactively to this case. (*People v. Garcia* (2022) 76 Cal.App.5th 887, 902; *In re Estrada* (1965) 63 Cal.2d 740, 744.)

B. *Analysis*

It is undisputed the trial court did not have the benefit of the amendments to section 1170 at the time it sentenced defendant to the upper term on count II. But in cases where there is no reasonable doubt that the same result would have been achieved if applying the newly amended statute, this error may be construed as harmless beyond a reasonable doubt. (See *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1111; *People v. Lopez* (2022) 78 Cal.App.5th 459, 465; *Chapman v. California* (1967) 386 U.S. 18.) In applying this harmless error test, "[w]e must first, for each aggravating fact, consider whether it is reasonably probable that the jury would have found the fact not true. We must then, with the aggravating facts that survive this review, consider whether it is reasonably probable that the trial court would have chosen a lesser sentence had it considered only these aggravating facts." (*Zabelle*, at p. 1112.) Remand is appropriate unless " 'the record "clearly indicate[s]" that the trial court would have reached the same conclusion' under the law as it now exists." (*People v. Banner* (2022) 77 Cal.App.5th 226, 242.)

Here, we cannot discern the aggravating factors relied upon by the trial court in imposing the upper term on count II. The record shows the trial court denounced defendant's crime generally as abhorrent and found him wholly undeserving of any leniency. However, it cited no aggravating factors in selecting the upper term for count II. We are therefore unable to determine whether the jury would have found true, beyond a reasonable doubt, any aggravating factors that support the upper term.

Moreover, the record shows defendant was 23 years old at the time of the offense. Although there is no evidence in the record that defendant's age was a contributing factor to his offense, neither defendant nor the trial court had a meaningful incentive to make this assessment prior to Senate Bill 567's implementation. (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1096.) This creates additional uncertainty as to whether the trial court would have still selected the upper term had it considered defendant's age. On this record, we conclude remand is appropriate.

IV

*Abstracts of Judgment*

Defendant argues, and the People concur, the indeterminate abstract of judgment contains errors relating to count II that must be corrected. We agree.

An oral pronouncement is the rendition of judgment. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) An abstract of judgment digests or summarizes the trial court's oral pronouncement. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) The abstract of judgment does not control if it is different from the trial court's oral judgment and may not add to or modify the judgment. (*Ibid.*) Any discrepancy between the abstract of judgment and the court's oral pronouncement is presumed to be the result of clerical error, and the abstract of judgment may be corrected by the appellate court at any time. (*Id.* at pp. 186-187; *Mesa*, at p. 471.)

Here, the jury found defendant guilty of count II, unpremeditated attempted murder, and found true the firearm enhancements. The trial court imposed a determinate

11

term of nine years, doubled due to a prior strike. It further imposed an indeterminate term of 25 years to life for the firearm enhancement. The indeterminate abstract of judgment listed count II as "attempted murder premeditated – 2nd degree" in item 1, and stated the sentence on count II was indeterminate due to the firearm enhancement. In the determinate abstract of judgment, the sentence on count II was again categorized as indeterminate in item 11. Both abstracts of judgment must be corrected.

First, defendant was convicted of unpremeditated attempted murder, not premeditated attempted murder. The indeterminate abstract of judgment erred in listing count II as "attempted murder premeditated – 2nd degree."

Second, both the trial court and the indeterminate abstract of judgment erred in stating defendant was convicted of "2nd degree" attempted murder as there are no differing degrees of attempted murder. (See *People v. Douglas* (1990) 220 Cal.App.3d 544, 549.)

Third, it was error to place count II on the indeterminate abstract of judgment because attempted murder carries a determinate term sentence. (See § 664, subd. (a).) The imposition of an indeterminate term on the firearm enhancement "does not merge with the determinate offense to make the entire term encompassed by the indeterminate sentencing law." (*People v. Sanders* (2010) 189 Cal.App.4th 543, 558.)

Accordingly, we direct the trial court to amend and correct the abstracts of judgment, reflecting count II as unpremeditated attempted murder and moving count II from the indeterminate abstract of judgment to the determinate abstract of judgment.

## DISPOSITION

We vacate the sentence on count II and count III. The matter is remanded with directions to resentence defendant on count II under Senate Bill 567, and to impose one-third of the middle term for possession of a firearm on count III. The trial court is further directed to amend and correct the abstracts of judgment by reflecting count II as unpremeditated attempted murder and by moving count II from the indeterminate abstract

12

of judgment to the determinate abstract of judgment.  The trial court shall forward a certified copy of the amended and corrected abstracts of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


  /s/
HOCH, J.*


I concur:


  /s/
HULL, Acting P. J.


I concur; as to part III, I concur in the result:


  /s/
MAURO, J.

---

* Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13